# Scranton Private Hospital, Appellant, *v.* Caum.

*Equity — Equity practice — Amendment — Parties — Statute of limitations.*

An amendment to a bill in equity will not be allowed so as to change the name of the defendant from certain named individuals —"representing themselves and all others interested in a certain unincorporated association known as the Scranton Railway Beneficial Association," to a corporation, viz: "Scranton Railway Beneficial Association," where it is apparent from the record that the suggested defendant, the corporation, was not in court, and that between the date of the service of the bill on the original defendants, and that of the date of moving for the amendment, the statute of limitations had run against the plaintiff's claim.

Argued March 4, 1915. Appeal, No. 41, March T., 1915, by plaintiff, from order of C. P. Lackawanna Co., Sitting in Equity, No. 11, Jan. T., 1913, discharging rule to amend record in case of Scranton Private Hospital v. Frank Caum, William W. May and Patrick R. Reilly, Representing themselves and all others interested in a certain unincorporated association known as Scranton Railway Beneficial Association. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity.

Rule to amend record.

The petition for the rule set forth that by inadvertence and mistake the defendant, Scranton Railway Beneficial

Association, in the bill filed was designated as an unincorporated association, that the designation of the above defendant as an unincorporated association was a mistake and incorrect, and that the defendant in fact was a corporation of the State of Pennsylvania; which fact the petitioner learned subsequent to the bringing of the action.

Petitioner prayed the court that the bill heretofore filed and the record should be amended so that the name of the defendant shall read only, "Scranton Railway Beneficial Association."

The court granted a rule which it subsequently discharged.

*Error assigned* was order discharging the rule.

*Joseph O'Brien, John P. Kelly* and *William J. Fitzgerald,* for appellant.—The amendment should have been allowed: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Holmes v. Penna. R. R. Co., 220 Pa. 189; Liederkranz v. Germania Singing Soc., 163 Pa. 265; Wolfe v. Limestone Council, 233 Pa. 357; Bovaird, Etc., Co. v. Ferguson, 215 Pa. 235; Lepsch v. Barrett, 236 Pa. 579.

*Warren, Knapp, O'Malley & Hill,* for appellees.— Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action, or bring in a new party, or change the capacity in which he is sued: Girardi v. Laquin Lumber Co., 232 Pa. 1; Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Tonge v. Item Publishing Co., 224 Pa. 417.

OPINION BY ORLADY, J., October 11, 1915:

The court below refused to allow an amendment to a bill in equity, to change the name of the defendant from certain named individuals—"representing themselves and all others interested in a certain unincorpo-

rated association known as Scranton Railway Beneficial Association" to a corporation, viz: "Scranton Railway Beneficial Association." It is apparent from the record that the suggested defendant, the corporation, was not in court, and that between the date of service of the bill on the original defendants, and that of the date of moving for that amendment, the statute of limitations had run against the plaintiff's claim.

Following the rule declared in Wright v. Copper Co., 206 Pa. 274; Girardi v. Lumber Co., 232 Pa. 1; Tonge v. Item Publishing Co., 244 Pa. 417; White v. Fayette Auto Co., 43 Pa. Superior Ct. 532, the court below refused to allow the amendment.

The order so made is affirmed.