UNITED STATES ex rel. RAUCH v. DAVIS, Director General of Railroads, etc.

(Court of Appeals of District of Columbia. Submitted April 6, 1925. Decided November 2, 1925.)

No. 4246.

1. Judgment ⬅️244, 310—Judgment in action against one designated as Director General of railroads, and who was neither Director General nor Agent of President, held void and not amendable.

Where action against "Walker D. Hines, Director General, Hudson & Manhattan Railway Company," was instituted May 19, 1920, one day after resignation of Mr. Hines as Director General of Railroads and Agent appointed under Transportation Act, judgment entered after trial, at which defendant did not appear, was void, action having been instituted against named defendant as Director General rather than as Agent of President and at time when he occupied neither office, notwithstanding attempted service of summons on one entitled to accept service for the successor of named defendant; and order of February 1, 1924, amending the judgment so as to run against "James C. Davis, Director General of Railroads," etc., was void, since otherwise the amendment would have the effect of giving validity to the judgment more than two years subsequent to enactment of Transportation Act; nor was the order authorized by Act March 3, 1923 (Comp. St. Supp. 1925, § 10071¼cc), amending Transportation Act, § 206, which relates only to actions properly commenced within limitation period.

2. United States ⬅️125—Action against Agent of President under Transportation Act being in effect against United States, statutory conditions must be strictly followed.

Actions against Agent of President under Transportation Act are in legal effect against the United States, and statutory conditions in respect to their maintenance must be strictly followed.

3. Railroads ⬅️5½, New, vol. 6A Key-No. Series—Provision fixing time for action against Agent of President operates as condition of liability, not as limitation.

Provision of Transportation Act, specifying time within which authorized actions against Agent of President may be brought, operates as a condition of liability, and not as a period of limitation.

4. Judgment ⬅️485—Where it is apparent on face of record that court was without jurisdiction to enter judgment, it may be treated as nullity.

Where it is apparent on face of record that court was without jurisdiction to enter judgment, it may be treated as nullity.

Appeal from the Supreme Court of District of Columbia.

Petition by the United States, on the relation of Helen Rauch, for writ of mandamus to be directed to James C. Davis, Director General of Railroads and Agent of the President. From a judgment dismissing the petition, relator appeals. Affirmed.

R. M. Hudson, of Washington, D. C., for appellant.

Lambert McAllister, A. A. McLaughlin, and Elizabeth Hyde, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant filed a petition in the lower court for a writ of mandamus to compel the appellee, as Director General of Railroads and Agent of the President, to pay a certain judgment which appellant claimed to have recovered against him. The respondent filed a general demurrer to the petition. This was sustained, the petition was dismissed, and the present appeal was taken.

The issue in the case is governed by the Transportation Act approved February 28, 1920. 41 Stat. 456. Congress thereby provided for the termination of federal control of railroads on March 1, 1920, with the provision that actions at law based on causes of action arising out of the federal operation of any railroad, of such character as prior to federal control could have been brought against the carrier, could after the termination of federal control be brought against an Agent to be designated by the President for such purpose; the actions to be brought in any court which, but for federal control, would have had jurisdiction of the cause of action, had it arisen against the carrier, and such actions to be brought not later than two years after the passage of the act. It provided, furthermore, that all final judgments in such actions rendered against the Agent designated by the President should be promptly paid out of a revolving fund created by the act.

On March 11, 1920, the President appointed Walker D. Hines, then Director Gen-

eral of Railroads, as the designated Agent under the act. On May 18, 1920, Mr. Hines resigned as Director General of Railroads and Agent, and on the same day John Barton Payne became Director General and Agent as Mr. Hines' successor. He has since been succeeded by James C. Davis, the appellee.

On May 19, 1920, the day next after the retirement of Mr. Hines as aforesaid, the relator, Helen Rauch, commenced an action in the Supreme Court of New York County, State of New York, naming the defendant therein as "Walker D. Hines, Director General, Hudson & Manhattan Railway Company," seeking damages for personal injuries suffered by her because of the negligence of certain employees of said railway company while she was a passenger upon its cars at a time when it was under federal control. Summons was issued directed to "Walker D. Hines, Director General, Hudson & Manhattan Railway Co.," and was served by copy left with an officer of that company. On June 9, 1920, an answer was filed in the name of the defendant, taking issue with the allegations of the petition. The case was regularly noted for trial, and on October 5, 1922, a trial was had, the defendant not appearing, resulting in a verdict and judgment in the sum of $2,132.20 for the plaintiff.

Afterwards, to wit, on December 17, 1923, being a day more than two years subsequent to the passage of the Transportation Act, the relator, Helen Rauch, filed a motion in the same case, reciting the foregoing facts and praying for an order "amending the name of the defendant upon the summons, complaint, and all other papers in this action, including the judgment roll, so that the same will read, "James C. Davis, Director General of Railroads (Hudson & Manhattan Railway Co.) and Agent of the President." The court on February 1, 1924, granted this motion over the objection of said James C. Davis, and ordered that the title of the action should be amended and changed accordingly, and that the judgment rendered on October 5, 1922, against Walker D. Hines, Director General, Hudson & Manhattan Railway Co., should be amended so that the name of the defendant in the judgment should read "James C. Davis, Director General of Railroads (Hudson & Manhattan Railway Co.) and Agent of the President, Defendant." The judgment as thus amended was refused payment by the appellee, whereupon the appellant brought the proceeding in mandamus, which is now before us upon appeal.

[1] We are of the opinion that the judgment entered on October 5, 1922, in the Supreme Court of New York County, against "Walker D. Hines, Director General, Hudson & Manhattan Railway Co.," was void, since he was sued only as Director General, and not as Agent designated by the President, these being distinct and separate offices, and since in fact he did not hold either office when the summons was served, nor at any time during the pendency of the action. It is true that service of the summons was attempted to be made by copy left with a person who at the time was entitled to accept service for John Barton Payne, the successor of Mr. Hines, had he been named as defendant; but that fact is immaterial, since Mr. Payne was not named as defendant, nor was any judgment sought or entered against him.

It is suggested that the manifest purpose of the action was to procure a judgment which should be enforceable against the funds of the Railroad Administration, that the individual name of the Agent to be sued was of no real consequence, and that the aforesaid misnomer should be disregarded. This suggestion is answered by the fact that the act provides that after the termination of federal control actions of this character may be brought only against the Agent designated by the President for that purpose. The act also provides that a case properly commenced against the Director General, and pending against him at the termination of federal control, shall not abate by reason of such termination, but may be prosecuted to final judgment, after the substitution of the Agent designated by the President under the act. In each instance the Agent, not his official title alone, must be named as defendant. Tutsch v. Director General of Railroads, 52 Cal. App. 650, 199 P. 861; Davis, Director General of Railroads, v. Griffith, 103 Okl. 137, 229 P. 499; Vassus v. Northern Pacific Railway Co., 69 Mont. 305, 221 P. 1069, 1072, 1073.

It follows also that the order of February 1, 1924, amending and changing the judgment already entered against "Walker D. Hines, Director General, Hudson & Manhattan Railway Co.," so that it would run against "James C. Davis, Director General of Railroads (Hudson & Manhattan Railway Co.) and Agent of the President," was void, since otherwise the so-called amendment would have the effect of giving validity to the judgment at a time more than two years subsequent to the enactment of the Transportation Act, whereas Congress had refused consent to the bringing of such actions after

that period. Transportation Act 1920, § 206 (a), being Comp. St. Ann. Supp. 1923, § 10071¼cc; Davis v. Chrisp, 159 Ark. 335, 252 S. W. 606, certiorari denied 263 U. S. 710, 44 S. Ct. 36, 68 L. Ed. 518. Nor was the order authorized by the Act of March 3, 1923 (Comp. St. Supp. 1925, § 10071-¼cc), amending section 206 of the Transportation Act, since that enactment relates only to "actions * * * properly commenced within the period of limitation prescribed, and pending at the time this subdivision takes effect." The action now in question was not properly commenced, nor was it pending at the time when the subdivision took effect.

[2, 3] It is settled beyond dispute that actions at law which may be brought against the Agent designated by the President under the Transportation Act are in legal effect actions against the United States. Dupont de Nemours & Co. v. Davis, Director General, 264 U. S. 456, 462, 44 S. Ct. 364, 68 L. Ed. 788. It is also true that, since the United States can be sued only with the consent of Congress, the conditions imposed by Congress in respect to such actions must be strictly followed. McElrath v. U. S., 102 U. S. 426, 440, 26 L. Ed. 189; Schillinger v. U. S., 155 U. S. 163, 166, 15 S. Ct. 85, 39 L. Ed. 108; Price v. U. S., 174 U. S. 373, 375, 19 S. Ct. 765, 43 L. Ed. 1011; Davis, Agent, v. Donovan, 265 U. S. 257, 263, 44 S. Ct. 513, 68 L. Ed. 1008. And, where the congressional consent specifies the time within which such actions may be brought, the provision operates as a condition of liability, not merely as a period of limitation. Finn v. U. S., 123 U. S. 227, 233, 8 S. Ct. 82, 31 L. Ed. 128; James C. Davis, Agent, v. L. L. Cohen & Co., 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129.

[4] It follows that the Supreme Court of the County of New York was without jurisdiction to enter the judgment relied upon by the present appellant, and since that fact is apparent upon the face of the record the appellee was entitled to treat it as a nullity. Old Wayne Mutual Ins. Association v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345; Vallely, Trustee, v. Northern Insurance Co., 254 U. S. 348, 353, 41 S. Ct. 116, 65 L. Ed. 297.

The judgment of the lower court dismissing the petition is affirmed with costs.