**SECHRIST v. PALSHOOK et al.**
**Civ. A. No. 1213.**

United States District Court
M. D. Pennsylvania.

May 28, 1951.

James K. Peck, Scranton, Pa., for plaintiff.

Raymond T. Law, James W. Scanlon, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is an action by Eva B. Sechrist, Administratrix of the Estate of Ephraim Sechrist, deceased, to recover damages for the wrongful death of deceased, who was killed in an automobile accident alleged to have been caused by the negligence of the Defendant, Paul Palshook. Plaintiff alleges that Paul Palshook was in the employ of one, several, or all of the other named Defendants when the accident took place.

The Defendants are all citizens and residents of Ohio, and Plaintiff caused service of process to be issued against all of the Defendants through the Secretary of the Commonwealth of Pennsylvania, under the Pennsylvania Statute, Act of May 14, 1929, P.L. 1721, as amended, 75 P.S. § 1201 et seq., providing for such service upon non-residents of Pennsylvania who operate motor vehicles over Pennsylvania highways.

One of the Defendants in this action is listed in the summons, complaint and record by the name of Amon or (Ammon) Kelly, but apparently none of the parties whom the Plaintiff intends to sue bears this name. However, one of the owners of the vehicle which Paul Palshook was driving is Albert A. Amon.

Albert A. Amon entered a special appearance and moved to dismiss the action on the ground that he had not been properly named as a Defendant in either the summons or complaint, that no service of process has been made on him and because of insufficiency of process as to him. Two other reasons raised by Albert A. Amon in his motion to dismiss related to venue and jurisdiction, both of which reasons are without merit and were disposed of in the Court's opinion and order dated February 19, 1951 D.C., 95 F.Supp. 746.

Plaintiff has also filed a motion to amend the record to change the name of the Defendant, Amon or (Ammon) Kelly so as to read A. A. Amon, also known as Albert A. Amon, which is the proper name of the party Plaintiff seeks to sue.

The question before the Court is really whether the suggested amendment brings Albert A. Amon into the case for the first time, or whether it would merely correct a misnomer and properly name the Defendant who was actually served and already in court.

■ If the effect of the proposed amendment is merely to correct the name of a party already in Court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. McDowell v. Kiehel, 3 Cir., 1925, 6 F.2d 337; Sanders v. Metzger, D.C.E.D.Pa., 1946, 66 F.Supp. 262.

■ On the other hand, if the effect of the amendment is to substitute for the Defendant a new party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run. Sanders v. Metzger, supra. In the instant case, unless the amendment is permitted, the statute of limitations will preclude a subsequent action against Albert A. Amon.

In the depositions of Albert A. Amon, it is admitted by him that at the time of said accident he was one of the owners of the tractor-trailer driven by Paul Palshook. The Marshal's return shows the summons and complaint were forwarded by registered mail to 90 Kinsman Street, Cleveland, Ohio, which Albert A. Amon admits was his business address at that time. The return receipt shows that the summons and complaint were received by one Ray Eisenhower, who was admittedly employed by Albert A. Amon at that time. Albert A. Amon further admits that he found the summons and complaint on his desk the same day that the return receipt was signed by Ray Eisenhower. Albert A. Amon then had his counsel enter a special appearance and file the motion to dismiss which is presently before the Court for disposition.

It is evident that Plaintiff from the outset was interested in suing Albert A. Amon as one of the owners of the tractor-trailer involved; however, through an error on the part of Plaintiff's counsel, he was improperly named as Amon or (Ammon) Kelly. This misnomer, however, becomes understandable as Albert A. Amon's business partner was a man by the name of Kelly.

This is not a case where an amendment of the record would bring Albert A. Amon into the case for the first time, for he had unquestionably been brought into the case initially. The requested amendment would merely name the Defendant properly, and the Court, under Rule 4(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., may allow an amendment in such a case.

■ That amendments shall be freely allowed, where no hardship results and no injustice is done, is evident from Rule 15(a), which provides, inter alia, that leave to amend pleadings "shall be freely given when justice so requires".

The liberal manner in which the courts have applied these rules relating to amendments is well illustrated in the case of Godfrey v. Eastern Gas & Fuel Associates, D.C.D.Mass., 1947, 71 F.Supp. 175, 177, wherein the Plaintiff was injured while serving as a member of the crew of the vessel Melrose. Plaintiff filed a complaint against the "Mystic Steamship Co.", a Massachusetts Corporation; however, there was no such corporation in Massachusetts. There had been a "Mystic Steamship Co." incorporated in Delaware, but it had been dissolved and all of its property transferred to the Eastern Gas & Fuel Associates, a Massachusetts Trust. Plaintiff then moved to amend the complaint by striking out the

words "Mystic Steamship Co." and substituting therefor the words "Eastern Gas & Fuel Associates (Mystic Steamship Division)". In allowing the amendment, the court stated:

"On the record, it is not clear whether the plaintiff intended to bring the action against the Delaware corporation or the Mystic Steamship Division, Eastern Gas and Fuel Associates. What counsel for the plaintiff was trying to do was sue the owner of the vessel 'Melrose'. He described that owner in such a manner as would make it as reasonable to conclude that he meant to sue either of them, whichever was the owner. The person served with the summons was an agent for service on both concerns.

"It is, therefore, apparent that both concerns had notice of the plaintiff's claim, and that he was trying to sue the owner and operator of the 'Melrose,' but that in either case, he had misnamed the defendant".

Other cases wherein the courts have given a liberal interpretation to Rule 4(h) by allowing the Plaintiff to amend the record are United States v. A. H. Fischer Lumber Co., 4 Cir., 1947, 162 F.2d 872; Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., D.C.D.N.J. 1947, 74 F.Supp. 791, affirmed on reargument in 81 F.Supp. 357; Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa. 1946, 5 F.R.D. 317.

In the instant case, the depositions of Albert A. Amon clearly show that he would not be prejudiced in any way by allowing the Plaintiff to amend the record, for Albert A. Amon has had adequate notice of the pendency of the action, which is the primary purpose of process. In fact, to hold otherwise would be unfair to the Plaintiff and would allow the Defendant to avoid his rightful obligation through a technical error on the part of Plaintiff's counsel, in a situation where the Defendant has had notice of the Plaintiff's claim from the outset. Godfrey v. Eastern Gas & Fuel Associates, supra.

An appropriate order denying Defendant's motion to dismiss and granting Plaintiff's motion to amend the record will be filed forthwith.