## KERNER v. RACKMILL.
### Civ. A. No. 4208.

United States District Court
M. D. Pennsylvania.
March 17, 1953.

Henry Greenwald, Wilkes-Barre, Pa., and Julia Perles, New York City, for plaintiff.

Sidney L. Krawitz, Milford, Pa., for defendant.

WATSON, Chief Judge.

This is an action to recover damages for personal injuries suffered by the plaintiff on January 20, 1950, when thrown from a horse allegedly owned by the defendant.

The complaint, filed on January 9, 1952, designated as the defendant, "Lloyd Rackmill, individually and doing business under the firm name and style of Malibou Dude Ranch". Service of the summons and a copy of the complaint was had on Mrs. Yetta Rackmill, the mother of Lloyd Rackmill, at the latter's home on the Malibou Dude Ranch. On February 5, 1952, Rackmill filed an answer denying, inter alia, that he was the owner and operator of a resort hotel known as the Malibou Dude Ranch, and stating that the owner and operator of the resort hotel was Malibu Dude Ranch, Inc., a Pennsylvania corporation. Subsequently, on December 10, 1952, Plaintiff filed a motion to amend the record, alleging that since the filing of the complaint, plaintiff has discovered that Malibou Dude Ranch is a corporation known as Malibu Dude Ranch, Inc., and that Lloyd Rackmill is an agent of said corporation. Plaintiff, therefore, seeks to amend the summons, complaint and return of service to show Malibou Dude Ranch, Inc., as a defendant, in addition to Lloyd Rackmill.

The question before the Court is whether the suggested amendment brings Malibou Dude Ranch, Inc., into the case for the first time, or whether it would merely correct a misnomer and properly name an entity which was served and already in court.

■ If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. McDowell v. Kiehel, 3 Cir., 1925, 6 F.2d 337; Sechrist v. Palshook, D.C.M.D.Pa.1951, 97 F.Supp. 505; 1 B & H, Federal Practice and Procedure, Section 186.

■ On the other hand, if the effect of the amendment is to substitute for the defendant a new party, or add another party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run. Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Sechrist v. Palshook, D.C.M.D.Pa.1951, 97 F.Supp. 505, supra; Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262; 2 Moore's Federal Practice, Section 4.44. In the instant case, unless the amendment is permitted, the statute of limitations will preclude a subsequent action against Malibu Dude Ranch, Inc.

Plaintiff contends that the proposed amendment would merely correct a misnomer; that the plaintiff intended to sue and did set forth two parties in his original complaint, namely, Lloyd Rackmill and a business entity by the name of Malibou Dude Ranch; and that the corporation's rights would not be prejudiced by the correction as it had full notice of the proceedings and was already in court.

In identifying the defendant as "Lloyd Rackmill, individually and doing business under the firm name and style of Malibou Dude Ranch", the Court concludes that plaintiff thereby evidenced an intent to sue Lloyd Rackmill as an individual and that the words "doing business under the firm name and style of Malibou Dude Ranch" were merely descriptive of the individual, and do not indicate an intent to sue a business entity as well. Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa.1946, 5 F.R.D. 317. It was not the corporation which was misdescribed, but rather Rackmill. The corporation entered no appearance; it was Rackmill who filed the answer. The fact that Rackmill, by virtue of his office, might have been competent to receive service on behalf of the corporation, is immaterial, because the corporation was not bound to take cognizance of an action against Rackmill. Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262, supra.

■ The proposed amendment is not merely one of form, but of substance, and its effect would be to bring in another defendant, the corporation, which is not presently in court. To permit the amendment relating back to the original complaint would materially prejudice the rights of the corporation by depriving it of its defense, the running of the statute of limitations.

■ The Court is fully aware of the tendency toward extreme liberality in allowing amendments of the record under Rules 4(h)[1] and 15(a)[2] of the Federal Rules of Civil Procedure, 28 U.S.C.A. United States v. A. H. Fischer Lumber Co., 4 Cir., 1947, 162 F.2d 872; Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., D.C.D.N.J.1947, 74 F.Supp. 791, affirmed on reargument in D.C., 81 F.Supp. 357; Godfrey v. Eastern Gas & Fuel Associates, D.C.D.Mass.1947, 71 F.Supp. 175; Bowles v. Marx Hide & Tallow Co., D.C. W.D.Ky.1945, 4 F.R.D. 297. With this tendency, the Court is in accord. See Sechrist v. Palshook, D.C.M.D.Pa.1951, 97 F.Supp. 505, supra. However, under Rule 4(h), the court may not permit an amendment of any process or proof of service when it clearly appears that material prejudice would result to the substantial rights of the party against whom process issued. For the reasons stated above, it is manifest that the proposed amendment in the instant case would effect such a result.

■ As to the individual Lloyd Rackmill, the mere fact that he is not doing business under the firm name and style of Malibou Dude Ranch would not prevent judgment against him; execution could be had on his property despite the erroneous description. Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262, supra.

An order denying plaintiff's motion is filed herewith.

1. Rule 4(h) Amendment.
   "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

2. Rule 15(a) Amendments.
   " * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * * "