FLORENTINE v. LANDON et al.

Civ. A. No. 14825–WB.

United States District Court
S. D. California, Central Division.

Sept. 8, 1953.

David C. Marcus, Los Angeles, Cal., for petitioner.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for respondent.

BYRNE, District Judge.

This case presents a fine question in the law of pleading, and, apparently, one of first impression although there are many analogous cases. On December 9, 1952, the petitioner filed his original petition under section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, naming H. R. Landon, the local District Director of Immigration and Naturalization, as respondent. Florentine alleged that he is a citizen and national of the United States and prayed for a declaratory judgment adjudging and declaring him to be a citizen.

Section 503 was repealed on June 27, 1952, c. 477, Title IV, § 403(a) (42), 66 Stat. 280, and the expiration date of this section was set as December 24, 1952.

The original petition filed on December 9, 1952, naming only H. R. Landon, did not name the "head of the department" as required by section 503. On March 10, 1953, the respondent, Landon, filed a motion to dismiss for lack of jurisdiction over the subject matter, failure to state a claim upon which relief can be granted, and failure to join an indispensable party. On April 9, 1953, before a hearing was had on said motion and after the expiration of section 503, the petitioner filed an amended petition naming as respondents H. R. Landon and Herbert Brownell, Attorney General of the United States, who is "head of the department", which allegedly seeks to deny petitioner his rights as a citizen. The Attorney General moved to dismiss the amended petition under F.R.C.P. 12(b) (1), (2) and (6), 28 U.S.C.A., for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and failure to state a claim upon which relief can be granted. The parties stipulated in open court that the motion made by respondent Landon to the original petition may be considered to have been made to the amended petition.

The amended petition attempts to state a claim under section 503 of the Nationality Act of 1940. The petitioner has asserted a right under a Federal statute which confers jurisdiction on the District Court to determine if the claim has merit. Montana-Dakota Utilities Co. v. Northwestern Public Service Company, 341 U.S. 246, at page 249, 71 S.Ct. 692, 95 L.Ed. 912.

Section '503 permits a person deprived of his privileges as a national to sue the "head of the Department", in this case the Attorney General, "in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence". The amended petition avers that the petitioner is a permanent resident of Los Angeles and within the jurisdiction of the District Court located in Los Angeles. If the petitioner's amended petition is allowed to relate back to the date of filing of the original pleading to state a claim under section 503, then the motion to dismiss must be denied. If, on the other hand, it may not relate back, then the "head of the Department" is not a party to the action and there is a failure to state a claim upon which relief can be granted under section 503 and a failure to join an indispensable party.

Rule 15(a) provides that a party may amend his pleading once as a matter of right at any time before a responsive pleading has been filed. Admittedly none has been filed here. Rule 15(c) reads:

454

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

██ An amendment to correct a misnomer may be allowed to relate back, even though the statute of limitations has run. Sechrist v. Palshook, D.C.M.D.Pa.1951, 97 F.Supp. 505; the same is true of an amendment to properly state the capacity in which a party sues. Levinson v. Deupree, 1953, 345 U.S. 648, 73 S.Ct. 914; Missouri, Kansas & Texas R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. However, a party may not amend after the statute of limitations has run to name a party who was not previously named. Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Schram v. Poole, 9 Cir., 1938, 97 F.2d 566, 572; Hammond-Knowlton v. U. S., 2 Cir., 1941, 121 F.2d 192. If the effect of expiration of a statute is the same as the running of the statute of limitations, then the petitioner's amendment may not relate back.

The suits against the United States which arose out of the Government's control of the railroads during World War I had to be brought in strict compliance with the statute. Suit against one agent of the Government designated by the President for such purpose was ineffective where such agent had resigned and an amended pleading naming his successor was not made until after the statute of limitations had run. Mellon v. Arkansas Land & Lumber Co., 275 U.S. 460, 48 S.Ct. 150, 151, 72 L.Ed. 372. In that case the court said: "This plainly meant that the suit must be brought within the period of limitation against the person who was the designated Agent and alone had authority to represent the Government. The bringing of the suit against Payne, who was not the designated Agent, was not a compliance with this requirement and brought no representative of the Government before the court."

██ In United States ex rel. Rauch v. Davis, 1925, 56 App.D.C. 46, 8 F.2d 907, the plaintiff sought an order amending the judgment to name the proper agent of the Government after the statute of limitations had run. The court held that the former judgment against the agent who had resigned before suit was brought was void, and it followed that the order amending the judgment was also void because it would result in giving validity to a judgment at a time subsequent to the time Congress had consented for the Government to be sued. Very relevant to the present case is the language 8 F.2d at page 909: "And, where the congressional consent specifies the time within which such actions may be brought, the provision operates as a *condition of liability, not merely as* a period of limitation. Finn v. U. S., 123 U.S. 227, 233, 8 S.Ct. 82, 31 L.Ed. 128; Davis, Agent, v. L. L. Cohen & Co., 268 U.S. 638 [642], 45 S.Ct. 633, 69 L.Ed. 1129." (Emphasis supplied.)

██ Whether the present situation is considered analogous to the statute of limitations, or whether it is considered a condition of liability of the sovereign, it is clear that the amended complaint filed after the expiration of the statute under which it was brought may not make the Attorney General a party, and does not state a claim upon which relief can be granted. Section 503 having expired, the court does not have jurisdiction over the person of the Attorney General of the United States, and his motion to dismiss under Rule 12(b) (7) is also valid.