SUNBEAM CORPORATION, Plaintiff,

v.

WINDSOR–FIFTH AVENUE, Inc., a New York corporation, and Windsor-Fifth Avenue, Inc., a New Jersey corporation, Defendants.

United States District Court,
S. D. New York.
June 11, 1954.

Rogers, Hoge & Hills, by George M. Chapman and Francis P. Kelly, New York City, for plaintiff.

Frederick Zissu, by Leo Zwiebach, New York City, for defendant.

BONDY, District Judge.

This action was brought to enjoin the defendants Windsor-Fifth Avenue, a New York corporation, and Windsor-Fifth Avenue, a New Jersey corporation, from selling plaintiff's products below plaintiff's fair trade price at a store in White Plains, New York.

The record discloses that plaintiff has not any claim against the defendants and moves for leave to amend the summons and complaint in this action by changing the name of the defendants from Windsor-Fifth Avenue, a New York corporation, and Windsor-Fifth Avenue, a New Jersey corporation to

"Two Guys from Harrison Inc.", a New York corporation, and to amend the allegations in the complaint so as to state its claim against "Two Guys from Harrison Inc."

The defendants, Windsor-Fifth Avenue corporations, move for an order dismissing the complaint, for summary judgment and for an order vacating the temporary restraining order against them.

The marshal's return states that the summons and complaint were served at White Plains on the two Windsor-Fifth Avenue corporations by delivering two copies thereof to Eli "Lee" Levy, manager. He is the manager of a store in White Plains, not owned, controlled or operated by either of the defendants but by a corporation named "Two Guys from Harrison, Inc.", the stock of which is owned by Eugene Trevor.

Although a summons and complaint may be amended to correct the name of a party before the court, see Sechrist v. Palshook, D.C., 97 F.Supp. 505; Williams v. Pennsylvania R. Co., D.C., 91 F.Supp. 652, 654; Cf. U. S. v. A. H. Fischer Lumber Co., 4 Cir., 162 F.2d 872, 874; Moore's Federal Practice (2nd Ed.) section 4.44, this motion is not made to correct a misnomer of a party named in the summons and complaint. It is an attempt to make a corporation not named in the summons a defendant and to amend the complaint so as to eliminate the named defendants by alleging the same cause of action against the proposed substituted party.

It thus is clearly distinguishable from the cases relied on by the plaintiff in which the party intended was served but erroneously named.

This case is also distinguishable from those in which the court indicated that it was influenced in allowing a substitution so as to avoid the application of the statute of limitations to the alleged cause of action.

Accordingly the motion to amend the summons and complaint is denied, and the motions to dismiss the complaint against the named defendants and to vacate the temporary restraining order are granted.