**Bruce LOMAX, a minor, by Pauline Lomax, his guardian and Pauline Lomax in her own right**

v.

**UNITED STATES of America.**

Civ. A. No. 22634.

United States District Court
E. D. Pennsylvania.

Oct. 23, 1957.

David N. Rosen, Philadelphia, Pa., for plaintiffs.

Harold K. Wood, U. S. Atty., Henry P. Sullivan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

This case is before the Court on defendant's Motion to Dismiss on the ground that the action was not brought against the United States within the time fixed by statute.[1]

On May 20, 1957, plaintiff filed his complaint in this matter with the Clerk of the United States District Court in and for the Eastern District of Pennsylvania. Service of the complaint was made on May 23, 1957, by serving a copy thereof on the United States Attorney for the Eastern District and by mailing a copy thereof to the Attorney General. The complaint named the "United States Post Office Department" as party-defendant, alleging that the minor plaintiff, Bruce Lomax, had been injured as a result of the negligent operation of a Post Office vehicle by a postal employee who was then engaged in the performance of his duties. The alleged accident occurred on May 21, 1955, one day less than two years prior to the filing of the complaint.

Early in June, 1957, the United States Attorney advised plaintiff's counsel that by virtue of 28 U.S.C.A. §§ 1346(b) and 2679, the action was improperly brought against the Post Office Department since said Department, or any agency of the Government, cannot be sued under the Tort Claims Act *eo nomine,* and that the proper defendant under that statute is the United States of America. Subsequently, the United States Attorney and counsel for the plaintiff entered into a stipulation amending the complaint, whereby the "United States of America" was substituted as party-defendant in place of the "United States Post Office Department". The stipulation was executed on July 12, 1957 and was filed with the Clerk of the Court on the 19th of that month—more than two years after the cause of action accrued.

The basis of defendant's Motion to Dismiss is the lack of jurisdiction by this Court, the defendant alleging that the statute of limitations controlling this action has already run.

Although normally the defense of the statute of limitations must be affirmatively pleaded, it is well settled that under the Federal Rules of Civil Procedure the defense may be raised by a Motion to Dismiss. Fed.R.Civ.P. 12 (b), 28 U.S.C.A.; Wagner v. New York, Ontario and Western Railway, D.C.Md. Pa.1956, 146 F.Supp. 926; Foote v. Public Housing Commissioner, D.C.W.D. Mich.1952, 107 F.Supp. 270; Sikes v. United States, D.C.E.D.Pa.1948, 8 F.R. D. 34, 35; 2 Moore, Federal Practice, pars. 8.28, 12.10 (2d.ed. 1948), par. 12.10 (Supp.1956).

Section 2679 of Title 28 U.S.C.A. states:

"The authority of any federal agency to sue and be sued in its own name shall not be construed *to authorize suits against such federal agency* on claims which are cognizable under Section 1346(b) of this title, and the remedies provided by this title * * * shall be exclusive."

Thus there can be no question but that a suit arising under the Tort Claims Act must be brought against the United States of America and cannot be brought against the federal agency allegedly responsible for the tort. Schetter v. Housing Authority of City of Erie, D.C. W.D.Pa.1955, 132 F.Supp. 149; Wickman v. Inland Waterways Corp., D.C. Minn.1948, 78 F.Supp. 284.

In this case, plaintiff instituted the action against the "United States Post

1. 28 U.S.C.A. § 2401(b).

Office Department" and subsequently amended the complaint by stipulation naming the United States of America as party-defendant. The question at this point involves the propriety of the said amendment in view of the fact that it did not bring the United States into the action until more than two years from the accrual of the cause of action had passed.

Title 28 U.S.C.A. § 2401(b) governs the time within which an action in tort may be brought against the United States.

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *".

■ The defendant properly contends that since the United States of America was not brought into the action within two years after the accrual of the cause of action, this Court cannot maintain jurisdiction.

■■ Ordinarily, statutes of limitation do not confer any right of action but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted, and as such are procedural. However, the statute of limitations governing the instant case must be considered substantive in that it is part of the statute *creating* the cause of action. Foote v. Public Housing Commissioner, D.C.W.D.Mich.1952, 107 F.Supp. 270. In that case the Court said at page 272:

"The provision of 28 U.S.C.A., § 2401(b) that a tort claim against the United States shall be forever barred unless action is begun within two years after the claim accrues, is not merely a procedural requirement but limits the substantive rights created by the Federal Tort Claims Act."

See Sikes v. United States, D.C.E.D.Pa. 1948, 8 F.R.D. 34, 35.

In Simon v. United States, 5 Cir., 1957, 244 F.2d 703, the Court cited 34 Am.Jur. "Limitations on Actions", Sec. 7 approvingly.

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself created a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element of the right so created, and the limitation of the remedy is a limitation of the right. * * * The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

And in the 1957 Cumulative Supplement:

"Generally speaking, the time requirement prescribed by a statute granting the right to sue the United States or a State is construed as a condition or qualification of the right; such provision is in other words jurisdictional rather than a mere statute of limitations."

Thus it is clear that in the instant case the provisions of Section 2401(b) cannot be construed to operate merely as a period of limitation, but must be interpreted as conditioning the liability created. Munro v. United States, 1937, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Reid v. United States, 1909, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313; Finn v. United States, 1887, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Simon v. United States, 5 Cir., 1957, 244 F.2d 703; United States ex rel. Rauch v. Davis, 1925, 56 App.D.C. 46, 8 F.2d 907; Florentine v. Landon, D.C.S.D.Cal.1953, 114 F.Supp. 452; Ber-

ry v. Heller, D.C.E.D.Pa.1948, 79 F.Supp. 476; Keil v. United States, D.C.D.Md. 1946, 65 F.Supp. 431.

■ If the statute were merely procedural, no problem would have arisen. As such, an amendment merely *correcting* the name of the party defendant would have been proper and would have related back to the date of the original complaint. Fed.R.Civ.P. 15(c); Mellon v. Weiss, 1926, 270 U.S. 565, 46 S.Ct. 378, 70 L.Ed. 736; United States v. A. H. Fischer Lumber Co., 4 Cir., 1947, 162 F.2d 872; Clinchfield R. Co. v. Dunn, 6 Cir., 1930, 40 F.2d 586; Wagner v. New York, Ontario and Western Railway, D.C.M.D.Pa.1956, 146 F.Supp. 926; Kerner v. Rackmill, D.C.M.D.Pa.1953, 111 F.Supp. 150; Florentine v. Landon, D.C.S.D.Cal.1953, 114 F.Supp. 452; Sechrist v. Palshook, D.C.W.D.Pa.1951, 97 F.Supp. 505; Godfrey v. Eastern Gas & Fuel Associates, D.C.D.Mass.1947, 71 F. Supp. 175; Sanders v. Metzger, D.C.E.D. Pa.1946, 66 F.Supp. 262.

■ However, the remedy relied upon in the instant case is a statutory remedy and must be subject to the conditions imposed by Congress relating to the limitation of the action. The plaintiff having instituted his claim against the United States subsequent to the running of the statute has not met the conditions of the Tort Claims Act and therefore should be precluded from going forward with this action.

■ But the plaintiff contends that the stipulation amending the complaint operated as a waiver to defense of the statute of limitations by the defendant and that the latter should be estopped from pleading that defense in this motion. As far back as 1887, the Courts have held that the United States is not bound nor estopped by the acts of its officers or agents in entering into agreements contrary to the Congressional enactments.

"The general rule that limitation does not operate by its own force as a bar, but is a defense, and that the party making such defense must plead the statute if he wishes the benefit of its provisions, has no application to suits in the court of claims against the United States. An individual may waive such a defense, either expressly or by failing to plead the statute; *but the government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the court of claims * * *"*. Finn v. United States, 1887, 123 U.S. 227, 232, 8 S.Ct. 82, 85, 31 L.Ed. 128. (Emphasis supplied.)

Judge Frank, speaking for the Court of Appeals for the Second Circuit, went even further when in a case in which Government counsel consented to the reinstatement of a dismissed action, he said:

"If the defendant were a private person, that consent would conclude the matter and Wallace's (plaintiff) judgment would be unassailable. But, assuming for the moment, that absent such consent by defendant's counsel, the trial court could not properly enter the vacating order * * *, the question arises whether a government counsel has implied authority (there being no express authority) by such a consent to eliminate the defense of the statute of limitations. We are constrained in the negative. The Supreme Court has held inapplicable to suits against the United States the well-established rule that a defendant, either expressly or by failure to assert it may waive that defense." Wallace v. United States, 2 Cir., 1949, 142 F.2d 240, 242.

■ Thus, it is quite clear that in suits against the United States the statute of limitations can be successfully urged as a defense even where there is an apparent waiver of the defense. The fact that Congress has seen fit to place a limitation on the action should be a sufficient reason alone to preclude a waiver of that condition by anyone other

than the legislature itself. A contra holding would subject the United States to suit at the discretion of its officers, thus consenting, in fact, to actions not contemplated by Congress. Obviously, such a result was not intended. This is well settled. State of Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Munro v. United States, 1938, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Gans S. S. Line v. United States, 2 Cir., 1939, 105 F.2d 955; Pacific Mills v. Nichols, 1 Cir., 1934, 72 F.2d 103; Keil v. United States, D.C. D.Md.1946, 65 F.Supp. 431; *see also*, Government of Virgin Islands v. Gordon, 3 Cir., 1957, 244 F.2d 818; Poindexter v. Folsom, 3 Cir., 1957, 242 F.2d 516. The stipulation executed by the parties is therefore nugatory.

And while it may seem harsh to deprive the plaintiff of his remedy because of his error in instituting his action against the wrong party, the conditions upon which suit may be brought against the United States have been set forth, and it is not within the power of the United States Attorney, nor within the power of this Court, to make exceptions thereto. The plaintiff's only appeal would be to the legislature.[2]

Because of the hardship that will be visited upon plaintiff, we reach this conclusion with great reluctance. It may well be argued that by suing the "United States Post Office Department" the United States of America was sued, and is the real defendant, and that the words "Post Office Department" are surplusage; that the Attorney General and the United States Attorney were served and that by the filing of the written stipulation that service was validated and that the United States was in Court.

▪ This reasoning does violence to the language of the Tort Claims Act, which, as we have seen from the foregoing decisions, must be strictly construed.

The time limitation under Section 2401 (b) of 28 U.S.C.A. having expired, this Court does not have jurisdiction. The defendant's Motion to Dismiss will be granted and an order will be entered accordingly.

---

2. See Judge Frank's comments in Wallace v. United States, 2 Cir., 1949, 142 F.2d 240, at page 243.