John ROBINSON, Jr.

v.

Anthony J. CELEBREZZE, etc.

Civ. A. No. 4240.

United States District Court
E. D. Tennessee, S. D.

April 10, 1964.

Sam M. Plummer, Chattanooga, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

■ ■ This cause is before the Court upon motion of the defendant, Anthony J. Celebrezze, Secretary of Health, Education and Welfare, to dismiss filed upon March 11, 1964. The plaintiff, John Robinson, Jr., filed this action upon January 8, 1964, seeking review of a determination of the Appeals Counsel rendered upon November 8, 1963. Jurisdiction is based upon Title 42, Section 405 (g), of the United States Code. The defendant relies upon the limitation of sixty days stated in 42 U.S.C. § 405(b) within which any individual may seek a review of any decision of the Secretary. The plaintiff, while admitting that the suit was not filed within the sixty day period as provided in 42 U.S.C. § 405(g), contends that Rule 6(e), Federal Rules of Civil Procedure, allows three additional days by reason of mailing of the final decision of the Secretary of Health, Education and Welfare. In view of the fact that the sixty day limitation is a part of the statute creating a cause of action and vesting jurisdiction in this Court, the time limitation operates as a condition of jurisdiction and liability, and not merely a period of limitation. United States ex rel. Rauch v. Davis, 56 App.D.C. 46, 8 F.2d 907 (1925); Pennsylvania Company for Insurances, etc. v. Deckert, 123 F.2d 979 (C.A. 3rd, 1941); Ewing v. Risher, 176 F.2d 641 (C.A. 10th, 1949). Rule 6(e), Federal Rules of Civil Procedure, would have no application where jurisdiction of the Court does not attach by reason of the statutory period having run. Zeller v. Folsom, 150 F.Supp. 615 (D.C.N.Y., 1956); Frost v. Ewing, 13 F.R.D. 432 (D.C.W.D.Pa., 1953). The Court is of the opinion that the motion to dismiss must be granted.

It is, therefore, ordered that the defendant's motion to dismiss filed in this cause be granted and that the cause be and hereby is dismissed.