## Longstaff v. Tuthill

*Jeffrey M. Seiken,* for plaintiff
*Hugh M. Emory,* for defendant.

LAVELLE, *P.J.,* December 7, 1987 — This case raises the perplexing question of whether the court should allow the amendment of the name of a defendant after the statute of limitations has run. Because the effect of plaintiff's proposed amendment would be to introduce a new and distinct party to the action, we cannot permit the amendment.

## FACTS OF THE CASE

Plaintiff's complaint alleges that, through the negligence of defendant, Ray Tuthill, individually and trading as Little Gap Ski Area, she was injured while skiing at Little Gap. Plaintiff described Ray Tuthill in the complaint as an individual and the lawful owner of Little Gap. Defendant's answer avers that he was not the owner of Little Gap and that Little Gap was owned by Tuthill Corporation, a Pennsylvania corporation.

After the pleadings were closed, defendant filed a motion for summary judgment. He attached as an exhibit to his motion a copy of a record of the Commonwealth of Pennsylvania, Department of State, Corporation Bureau, showing that Little Gap is a fictitious name for the operation of a ski area by Tuthill Corporation. Plaintiff responded that because defendant's exhibit was not certified as a "true and correct copy," it could not be considered

by the court as part of the record, and thus, a factual question remained as to who actually owned Little Gap.

During argument on defendant's motion, we, sua sponte, granted plaintiff leave to file a petition to amend the complaint to change the name of defendant in the complaint from Ray Tuthill, individually and trading as Little Gap Ski Area, to the Tuthill Corporation. We also granted defendant leave to amend his motion for summary judgment to attach a certified copy of the Corporation Bureau record. We will now address the plaintiff's petition to amend and defendant's motion for summary judgment seriatim.

## DISCUSSION

### Petition to Amend Complaint

Rule 1033 of the Pennsylvania Rules of Civil Procedure permits, inter alia, the amendment of a complaint to correct the name of a party. Pa.R.C.P. 1033. The standards which guide our disposition of a petition to amend a complaint to "correct the name of a party," after the statute of limitations has run, are clear:

"In situations where the statute of limitations had run and a party proposes an amendment to a complaint, . . . the question to be resolved is whether the proposed amendment merely corrects a party name or adds a new party to the litigation. If an amendment constitutes a simple correction of the name of a party, it should be allowed, *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen,* 241 Pa. Super. 437, 361 A.2d 842 (1976)." *Jacob's Air Condition-*

*ing and Heating v. Associated Air Conditioning and Heating,* 366 Pa. Super. 430, 531 A.2d 494 (1987).

Plaintiff argues that allowing the amendment of the complaint from Ray Tuthill, individually and trading as Little Gap Ski Area, to Tuthill Corporation would merely be correcting the name of defendant and that no new party is being brought into this litigation. Plaintiff points out that Ray Tuthill is the president of Tuthill Corporation, was served with the complaint and made an appearance in this litigation by filing an answer.

Defendant, on the other hand, contends that, regardless of whether he has participated in the litigation thus far, he and the Tuthill Corporation are distinct and separate legal entities. He contends further that Pa.R.C.P. 1033 does not permit the substitution of one party for another, in the guise of correcting the name of a party, after the statute of limitations has run. We agree with defendant.

Plaintiff's proposed amendment is clearly not merely one of form, but one of substance. When plaintiff identified defendant in the complaint as "Ray Tuthill, individually . . .", she evidenced an intent to sue Ray Tuthill as an individual. Further, we find that the words "trading as Little Gap Ski Area" are merely descriptive of the individual, and do not indicate an intent by plaintiff to sue a business entity as well. It was not the Tuthill Corporation which was misdescribed, but rather Ray Tuthill. The Tuthill Corporation entered no appearance; it was Ray Tuthill who filed the answer and participated in this litigation. The fact that Ray Tuthill, by virtue of his position as president of Tuthill Corporation, might have been competent to receive service on behalf of Tuthill Corporation is immaterial, because Tuthill Corporation was not

bound to take notice of, or participate in, an action against Ray Tuthill individually.

The proposed amendment is not, as plaintiff contends, the mere correction of the name of a party which is already in court, but instead, is an attempt to bring in a new party to the action which is not now in court in the guise of correcting the name of a party. We therefore hold that, because plaintiff's proposed amendment would bring an entirely new and distinct party into this action after the statute of limitations has run, it is not a permissible amendment under the Pennsylvania Rules of Civil Procedure.

We have found several cases which support this conclusion. In *Scranton Private Hospital v. Caum,* 61 Pa. Super. 93, 93-4 (1915), the Superior Court affirmed an order of the trial court which "refused to allow an amendment to a bill in equity, to change the name of the defendant from certain named individuals 'representing themselves and all others interested in a certain unincorporated association known as the Scranton Railway Beneficial Association' to a corporation, viz: Scranton Railway Beneficial Association.' " The reasoning of the *Caum* court was as follows:

"It is apparent from the record that the suggested defendant, the corporation, was not in court, and that between the date of service of the bill on the original defendants, and that of the date of moving for that amendment, the statute of limitations had run against the plaintiff's claim." *Id.* at 94.

In *Kerner v. Rackmill,* 111 F.Supp. 150 (M.D. Pa. 1953), the Federal District Court for the Middle District of Pennsylvania addressed a case factually similar to the present case. In *Rackmill,* the complaint designated as defendant "Lloyd Rackmill, individually and doing business under the firm

534

name and style of Malibou Dude Ranch." *Id.* Service of the complaint was made on the mother of Lloyd Rackmill. *Id.* Defendant filed an answer avering that, inter alia, Malibou Dude Ranch was not owned and operated by him but instead by Malibou Dude Ranch Inc., a Pennsylvania corporation. *Id.* Plaintiff then sought leave to amend the complaint to show as a defendant Malibou Dude Ranch Inc., in addition to Lloyd Rackmill.

In denying the plaintiff's petition to amend, the *Rackmill* court concluded that:

"In identifying the defendant as 'Lloyd Rackmill, individually and doing business under the firm name and style of Malibou Dude Ranch,' . . . the plaintiff evidenced an intent to sue Lloyd Rackmill as an individual and that the words 'doing business under the firm name and style of Malibou Dude Ranch' were merely descriptive of the individual, and do not indicate an intent to sue a business entity as well. (citation omitted) It was not the corporation which was misdescribed, but rather Rackmill. The corporation entered no appearance; it was Rackmill who filed the answer. The fact that Rackmill, by virtue of his office, might have been competent to receive service on behalf of the corporation, is immaterial, because the corporation was not bound to take cognizance of an action against Rackmill. (citation omitted)

"The proposed amendment is not merely one of form, but [one] of substance, and its effect would be to bring in another defendant, the corporation, which is not presently in court. To permit the amendment relating back to the original complaint would materially prejudice the rights of the corporation by depriving it of its defense, the running of the statute of limitations." *Kerner v. Rackmill, supra,* 111 F.Supp. at 151-2.

Although *Rackmill* was decided under the Federal Rules of Civil Procedure, the standards for allowing the amendment of pleadings under the federal rules are identical to the standards under the Pennsylvania rules. See e.g., *Sechrist v. Palshook,* 97 F.Supp. 505 (M.D. Pa. 1951) (an amendment which merely corrects the name of a party already in court should be allowed, but an amendment which has the effect of substituting a new party after the statute of limitations has run should not be allowed.) Therefore, although *Rackmill* has no precedential value under the Pennsylvania Rules of Civil Procedure, we find the *Rackmill* rationale apposite and persuasive.

We are not the first court of common pleas in Pennsylvania to be persuaded by the *Rackmill* reasoning. In *DuBois v. Mosier,* 50 Luzerne Leg. Reg. 171 (1960), the Luzerne County Court of Common Pleas denied a similar petition to amend the name of defendant from Melvin Mosier, trading as the Forty Foot Ice Cream Co. to the Forty Foot Ice Cream Co. Inc. after the statute of limitations had run. The *DuBois* court, in denying the proposed amendment because its effect would be to bring in a new party to the action, expressly relied on the reasoning in *Rackmill.*

Plaintiff cites *Govora v. Ross,* 20 D.&C.3d 411 (1980), in support of her petition to amend. In *Govora,* defendant, an individual named Darwin Hursey, was wrongly named in the complaint as David Hursey. Defendant acknowledged receipt of process. In allowing the proposed amendment, the *Govora* court expressly found that the right party had been sued, and a mere technical error had been made in the designation of defendant. Although plaintiff urges us to follow *Govora* and allow her proposed amendment, *Govora* is clearly distinguish-

able from the instant case because not only had the statute of limitations not run, but, unlike the present case, the right party was already in court.

We note parentically that, although there are numerous cases that have permitted amendments which have the effect of adding a new and distinct party to the litigation, even after the statute of limitations has run, these cases each involved some form of active concealment on the part of the named defendant as to the identity of the proper defendant. See e.g., *Waugh v. Steelton Taxicab Co.,* 371 Pa. 436, 89 A.2d 527 (1952); *DeFebbo v. Speshok,* 4 Carbon L.J. 106 (1971) (where defendant deliberately conceals the true identity of the proper defendant, defendant is estopped from invoking statute of limitations, and plaintiff will be permitted to amend complaint). In the present case, plaintiff has made no allegation that defendant engaged in any such active concealment. Furthermore, defendant himself, in his answer, put plaintiff on notice that the proper defendant in this action was the Tuthill Corporation, not Ray Tuthill individually.

### Motion for Summary Judgment

Under rule 1035 of the Pennsylvania Rules of Civil Procedure, summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b).

Defendant claims that he is entitled to judgment as a matter of law because plaintiff's cause of action is premised upon the alleged negligence of the owner of Little Gap and he is not the entity that owns Little Gap. Defendant has attached to his

amended motion for summary judgment, a certified copy of a record of the Department of State, Corporation Bureau, showing that Little Gap Ski Area is a fictitious name for a ski area owned and operated by the Tuthill Corporation, of which Ray Tuthill is president. With this record before us, plaintiff's mere allegation in her complaint that Ray Tuthill owns Little Gap is insufficient to raise a genuine issue of material fact as to who owns Little Gap. See Pa.R.C.P. 1035(d): "When a motion for summary judgment is made and supported as provided in this rule, as adverse party may not rest upon the mere allegations or denials in his [or her] pleadings, but his [or her] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Because it is clear from the record before us that plaintiff has sued the wrong party, and the statute of limitations bars plaintiff's claim against a new defendant, we hold that defendant, Ray Tuthill, individually and trading as Little Gap Ski Area, is entitled to judgment as a matter of law.

For the foregoing reasons, we enter the following

## ORDER

And now, December 7, 1987, it is hereby ordered and decreed that:

(1) The petition to amend complaint by plaintiff, Sarah Longstaff, be and is hereby denied; and

(2) The motion for summary judgment by defendant, Ray Tuthill, individually and trading as Little Gap Ski Area, be and is hereby granted; and

(3) Plaintiff's action against defendant is hereby dismissed.