**UNITED STATES v. DOHERTY.**
No. 408.

District Court, D. Nebraska, North Platte
Division.
April 15, 1937.

John G. Doherty was indicted for embezzling money from a state bank which was insured by the Federal Deposit Insurance Corporation.

Defendant's demurrer to indictment overruled.

Joseph T. Votava, U. S. Dist. Atty., and A. C. Epperson, Asst. Dist. Atty., both of Omaha, Neb.

Beeler, Crosby & Baskins, of North Platte, Neb., for the defendant.

DONOHOE, District Judge.

The grand jury returned an indictment charging the defendant in some fifteen counts with violations of section 592, title 12 U.S.C.A. It appears from the charge of the indictment that at the times stated, the Bank of Paxton was a state bank, organized under the laws of the state of Nebraska, transacting a banking business, including the receiving of deposits; that at said times, the Bank of Paxton was an insured bank, duly insured by the Federal Deposit Insurance Corporation under the provisions of section 264, title 12 U.S.C. A., and that at said times the defendant was the cashier and agent of the Bank of Paxton, and while so serving and acting committed the offenses alleged.

To each count of the indictment, the defendant has filed a special demurrer, all similar in content, in which he alleges that the count fails to state facts sufficient to constitute a crime against him for the rea-

son that the crime attempted to be charged in the indictment, as it relates to officers, directors, agents, or employees of any insured bank, as defined in subsection (c), section 264, title 12 U.S.C.A., and as charged in the indictment, is without the powers of Congress to define as a crime, and for the further reason that Congress in the attempt to define said crime as so defined against any officer, director, agent, or employee of any insured bank, as defined in said subsection (c) of said act, has no constitutional power to punish the offense against said parties, or any of them.

■ The demurrer of the defendant to each of the counts of the indictment we think is a proper pleading to raise the questions which counsel has presented.

■ The defendant's first contention is that the Federal Deposit Insurance Corporation is nothing more than an insurance company, organized under a charter from the federal government; that the relationship of the Bank of Paxton was merely that of a customer, who had purchased insurance from the federal agency, and that its status as an insured bank under the act did not constitute it a part of the federal instrumentality, and consequently the Congress was without constitutional authority to make applicable to the officers and agents of a state bank the penal provisions of section 592, title 12, U.S.C.A. With this contention we cannot agree. We hold the view that the Federal Deposit Insurance Corporation is an instrumentality created by the government for the public welfare. The very title of the act shows the purpose of its enactment—"To provide for the sound, effective, and uninterrupted operation of the banking system and for other purposes." 49 Stat. 684. The board of directors provided by the act are men appointed by the President with the consent of the Senate. The corporation is given free use of the mails in the same manner as the executive department of the government. When designated for the purpose, the corporation shall be a depository of all public moneys, except receipts from customs, and may be employed as a financial agent of the government. Among other duties, it is provided that the corporation shall insure the deposits of all banks which are entitled to the benefits of insurance under the act.

The very nature of banking is a quasi public business. The whole stream of commerce, whether interstate or intrastate, largely depends upon this business. The relation in business matters between the state and national banks is so interwoven and commingled that to affect the one is to disturb the other. The Federal Deposit Insurance Corporation is not a corporation organized for private profit. It is financed by the government and its instrumentalities, the Federal Reserve Banks. It is the instrument created by Congress to insure the uninterrupted flow of commerce by reducing or removing the panicky apprehension on the part of depositors, which bring about the withdrawal of their funds from public circulation.

■ The broad powers given to Congress by the Constitution to protect the currency must necessarily be extended to the power to protect the banking system and to create fiscal agencies. That the currency of the United States is involved in the business of a state bank will not be questioned, and the proposition that Congress has power to create a corporation as an agency of the government to fulfill governmental purposes and to endow it with powers of a private corporation is not now open to question. Missouri ex rel. Burnes National Bank v. Duncan, 265 U.S. 17, 18, 44 S.Ct. 427, 68 L.Ed. 881; Osborn v. Bank of United States, 9 Wheat. 738, 783, 6 L.Ed. 204; Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036; First National Bank of Bay City v. Fellows, 244 U.S. 416, 37 S.Ct. 734, 61 L.Ed. 1233, L.R.A.1918C, 283, Ann.Cas.1918D, 1169; Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577; Federal Land Bank v. Priddy, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408; Reconstruction Finance Corporation v. Central Republic Trust Company (D.C.) 17 F.Supp. 263, 289.

■■ It is well settled that Congress may employ state corporations, including state banks, with their consent, as instrumentalities of the United States. Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; Westfall v. United States, supra. Congress may likewise make frauds which impair the efficiency of such instrumentalities crimes against the United States. United States v. Walter, 263 U.S. 15, 44 S.Ct. 10, 68 L.Ed. 137; Westfall v. United States, supra.

■ We hold that the Federal Deposit Insurance Corporation is a governmental instrumentality, and that, when the Bank of Paxton made application for the benefits

of the law creating that instrumentality, it thereupon submitted itself and its officers and agents to the provisions of the act; that by making such application as the act required, it thereupon consented to act and serve as a constituent part of an instrumentality of the United States, and it then became such.

The contention of the defendant is we think the same contention that was made by the defendants in Hiatt v. United States (C.C.A.) 4 F.(2d) 374, and Westfall v. United States, supra, the only difference in the status of these different defendants being that Westfall and Hiatt were engaged in institutions that were members of the Federal Reserve System, while the defendant in this case was engaged in a state bank, whose deposits were insured under the provisions of the federal act, and hence a member of another similar governmental instrumentality. Counsel for the defendant seeks to draw a distinction between the status of these different institutions. In order to become a member of the Federal Reserve System, it was necessary to subscribe for stock, and in the instant case all that is required of a state bank to avail itself of the benefits of the insurance is to make an application therefor and submit the necessary showing of financial responsibility. This we think is a distinction without a difference. There is no doubt but that the Bank of Paxton is and was a member entitled to the provisions and benefits of the Federal Deposit Insurance Corporation. Its application was made in due form. It was authorized by the Legislature of the state to become such a member. Chapter 8, article 4, section 8-401 et seq., C.S.Supp. Neb.1935. It had given its consent, and the state likewise consented. Consequently, it having become a member of the corporation, it became an instrumentality of the government. The difference in the requirements for eligibility in different organizations does not in any way affect the status when the membership is once attained. There is no distinction in the fact that in one instance a subscription to capital stock was required, while in the other instance all that was required was a consent by way of application with a showing of financial eligibility. So under the authority of Hiatt v. United States, supra, and Westfall v. United States, supra, we hold that the Bank of Paxton, and its officers, now and at the times alleged in the indict-ment were subject to the penalties provided in the law.

The demurrer of the defendant will therefore be overruled as to each and every count of the indictment.