### WICKMAN v. INLAND WATERWAYS CORPORATION.
#### Civil Action No. 1397.

District Court, D. Minnesota, Third Division.
April 23, 1948.

Victor E. Anderson, U. S. Atty., and T. H. Wangensteen, Asst. U. S. Atty., both of St. Paul, Minn., for defendant in support of motion.

Stacker & Stacker and George G. Chapin, all of St. Paul, Minn., for plaintiff in opposition.

NORDBYE, District Judge.

This cause came before the Court on defendant's motion for dismissal on the following grounds: (1) That the Court has no jurisdiction of the subject matter of the above action, which is a suit in tort brought against the Inland Waterways Corporation; (2) that the complaint does not state a cause of action or a basis on which relief can be granted against the defendant; and (3) that the defendant is exempt from all liability in the premises by the terms and provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 921 to 946, inclusive.

A motion in this proceeding on substantially the same grounds was made before one of the Judges of this Court on the 24th day of November, 1947, and an order was made on December 18, 1947, denying defendant's motion to dismiss without prejudice. A memorandum was filed wherein it was noted that the motion could be urged again when this case was called for trial. This action is now on the jury calendar awaiting assignment and the motion to dismiss is renewed.

The defendant is sued as a corporation incorporated under an act of Congress, and it is alleged that the entire capital stock of the corporation is owned by the United States. Under Section 155, 49 U.S.C.A., it is provided that the Inland Waterways Corporation may sue and be sued in its corporate name. This proceeding sounds in tort and is a common law action for damages based on negligence. It is alleged that plaintiff was employed by the Farmers Union Grain Terminal Association and on the 11th day of September, 1946, plaintiff, in the course of his employment, entered upon a barge owned and operated by the defendant and which was moored at St. Paul in connection with the shipment of grain, and that, by reason of the negligence and carelessness of the defendant in maintaining certain wooden planks which covered the top of the barge, the planking broke, causing plaintiff to fall and to be injured.

It is defendant's position that, since the passage of the Federal Tort Claims Act on August 2, 1946, no suit can be brought against any Federal agency on a tort claim which is cognizable under Subchapter II of that Act. The contention is advanced, therefore, that this Court has no jurisdiction over this defendant corporation in this proceeding in that, under the Federal Tort Claims Act, the procedure therein is exclusive and that this suit should have been brought directly against the United States and not against an agency of the United States. Defendant places reliance on certain sections of the Federal Tort Claims Act. Under Section 941, Subchapter III, it is provided:

"(a) 'Federal agency' includes the executive departments and independent establishments of the United States, and corporations whose primary function is to act as, and while acting as, instrumentalities or agencies of the United States, whether or not authorized to sue and be sued in their own names: * * *.

"(b) 'Employee of the Government' includes officers or employees of any Federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a Federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

It must follow in light of these definitions that the Inland Waterways Corporation is a Federal agency and that the term "employee of the Government" includes employees of the Inland Waterways Corporation. Reference must then be made to Section 945 of the Act, which provides:

"From and after August 2, 1946, the authority of any Federal agency to sue and be sued in its own name shall not be construed to authorize suits against such Federal agency on claims which are cognizable under subchapter II of this chapter, and the remedies provided by this chapter in such cases shall be exclusive."

Subchapter II, Section 931, of the Act provides, in part:

"(a) Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the

United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred."

 That this claim as pleaded, being a common law action in tort, is cognizable under Subchapter II of the Federal Tort Claims Act seems apparent. The negligence is based on the alleged failure of a Federal agency to provide a safe place for the plaintiff to perform his duties as an employee of the Farmers Union Grain Terminal Association in connection with the shipment of grain. Prior to the passage of the Federal Tort Claims Act, Congress had accorded the right to persons injured under circumstances reflected in this complaint to proceed directly against the Inland Waterways Corporation, but there can be no doubt as to the right of Congress to withdraw that right and require all suits of this nature to proceed directly against the United States and to be brought in the name of the United States. That Congress intended such a change seems reasonably free from doubt. The Federal Tort Claims Act was the first comprehensive legislation passed by Congress which made the sovereign amenable in tort, basically to the same extent as a private person. In passing this comprehensive legislation, Congress undoubtedly intended that, instead of suits being brought against the various agencies representing the Government under the permissive piecemeal legislation which had theretofore existed, all suits for damages on account of torts committed by employees of the Government must be directed against the United States and not against the Federal

agency whose employees may have committed the tort. No other reasonable interpretation can be given to Section 945, which expressly withdraws the right to sue any Federal agency on any claims cognizable under Subchapter II of the Federal Tort Claims Act. Section 945 seems so clear and explicit that no other rational interpretation may be accorded to the language used therein, and such interpretation is entirely consistent with the purposes of the Act.

Reference may be made to two articles in recent Law Journals pertaining to the Federal Tort Claims Act. The Minnesota Law Review, Vol. 31, has an article by Leslie L. Anderson, wherein the following comment appears (p. 461):

"The Tort Act, in any event, takes away the right to sue a corporation for tort if its primary function is to act as a government instrumentality or agency, and if the wrongful conduct complained of occurred while so acting. The suit must be against the United States itself; * * *."

In the Georgetown Law Journal, Vol. 35, one Irvin M. Gottlieb states in his comment on the Act (p. 62):

"The effect of Section 423 [§ 945, 28 U.S.C.A.] is to terminate for purposes of suit under this Act, from and after August 2, 1946, the date of approval of the Act, the right to sue any Federal agency, such as the R.F.C., eo nomine, regardless of its statutory basis permitting it to sue or be sued in its own name. On and after the mentioned date, suit for matters cognizable under the Act must be brought against the United States."

 The Federal Tort Claims Act provides that all claims cognizable under the Act must be brought within one year after any such claim may have accrued or within one year after August 2, 1946, the date of the passage of the Act, whichever is later. Presumably, therefore, this claim based on common law tort is now outlawed and no action can be brought against the United States under the Federal Tort Claims Act, in that the accident occurred on September 11, 1946. However, in passing, it may be noted that the Federal Tort Claims Act (Section 943) specifically ex-

empts from the operation of the chapter "Any claim for which a remedy is provided by sections 741-752, or 781-790 of Title 46, relating to claims or suits in admiralty against the United States." Whether this is a maritime tort and whether there is jurisdiction in admiralty on plaintiff's claim, this Court does not now determine, but, obviously, if such a claim can be asserted and jurisdiction obtained, plaintiff must proceed in admiralty within the period of limitation therein and not by way of a common law action for damages based upon negligence.

It follows, therefore, from the views heretofore expressed, that defendant's motion to dismiss this common law action in tort for lack of jurisdiction must be granted. It is so ordered.

An exception is allowed.