Charles **HANDLEY**, Plaintiff,

v.

**TECON CORPORATION** and **Great Lakes Dredge & Dock Company**, Defendants.

**TECON CORPORATION** and **Great Lakes Dredge & Dock Company**, Defendants and Third-Party Plaintiffs,

v.

**ST. LAWRENCE SEAWAY DEVELOPMENT CORPORATION**, Third-Party Defendant.

Civ. No. 7365.

United States District Court
N. D. New York.

March 20, 1959.

Carroll, Williams, Rulison, Conan & Ryan, Syracuse, N. Y., for plaintiff.

Costello, Cooney & Fearon, Syracuse, N. Y., Vincent A. O'Neill, Syracuse, N. Y., of counsel, for defendants and third-party plaintiffs.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Kenneth P. Ray, Asst. U. S.

Atty., Syracuse, N. Y., of counsel, for third-party defendant.

BRENNAN, Chief Judge.

The factual background of the above motions will be briefly stated.

The plaintiff is the owner of property consisting of a small island located in the St. Lawrence River in the vicinity of Alexandria Bay, N. Y.

Defendant Tecon Corporation is a Delaware corporation with its place of business at New York City. It entered into a contract with St. Lawrence Seaway Development Corporation for the performance of certain work, labor and services in connection with the widening and deepening of the St. Lawrence River. Tecon in turn subcontracted a portion of this work to the defendant, Great Lakes Dredge and Dock Company, a New Jersey corporation with its place of business also at New York City.

The St. Lawrence Seaway Development Corporation, hereinafter called "St. Lawrence", is a public corporation duly created by Public Law 358—83d Congress, approved May 13, 1954.

In this action, plaintiff seeks to recover a money judgment in the amount of some eleven thousand dollars by reason of damage to the premises, above described, and to the structures located thereon. The complaint sets out two causes of action.

The first cause of action is distinctly in tort. The existence of the above mentioned contract is alleged. It is further alleged that the defendants failed to exercise reasonable care in blasting and removing materials from the St. Lawrence River thereby causing the damage above referred to. Plaintiff's second cause of action repeats every allegation of negligence in the first cause of action; sets out certain specific items or obligations contained in the contract under which the defendants were operating and appears to allege that the plaintiff is a third-party beneficiary of said contract which was violated by reason of the negligent acts of the defendants.

The action was commenced in the Supreme Court of the State of New York. The defendants thereafter served upon St. Lawrence a third-party complaint in accordance with the provisions of New York State procedure. The action was then removed to this court on the petition of St. Lawrence upon the basis that such corporation is a wholly owned government corporation created under an act of Congress of May 13, 1954 (33 U.S. C.A. §§ 981–990) and by virtue thereof the action involves a controversy arising under the laws of the United States. St. Lawrence now moves to dismiss the third-party complaint upon the grounds that the court lacks jurisdiction and that the complaint fails to state a claim upon which relief may be granted. This motion will first be considered.

The first cause of action of the third-party complaint, now under consideration, is solely based in negligence. It is alleged in paragraph No. 9 that any damage to the property of the plaintiff was a direct result of the negligence of St. Lawrence in designing the contract plans and specifications for the work to be done by the defendants in the vicinity of plaintiff's property. This cause of action against St. Lawrence however may not be maintained if it is actionable under the Federal Tort Claims Act. 28 U.S.C. §§ 2679 and 1346(b).

The defendants argue that under the decision of Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L. Ed.2d 354 that negligently prepared government plans and specifications are actionable under the Tort Claims Act and that the decision in Dalehite v. United States, 346 U.S. 15, at pages 35, 36, 73 S.Ct. 956, at pages 967, 968, 97 L.Ed. 1427 which is urged as holding to the contrary, has been rejected by the Rayonier decision. See page 319 of 352 U. S., page 377 of 77 S.Ct. Assuming that defendants' contention is sound, then this cause of action may not be maintained according to the express language of the two sections above referred to, provided St. Lawrence is considered a federal agency as the term is used in

section 2679. We turn then to 28 U.S.C.A. § 2671 and find that a federal agency is defined as including a corporation primarily acting as an instrumentality or agency of the United States. It seems beyond argument that the statute 33 U.S.C.A. § 981 et seq. creating said corporation, plainly establishes same to be such an agency. The corporation is subject to the direction of the President or his appointee. Its activities are financed by corporate bonds issued to the Secretary of the Treasury. Its purpose is to provide, in cooperation with Canada, deep water navigation through the St. Lawrence River to the Great Lakes. Reference to the question involved as found in the decisions of Wickman v. Inland Waterways Corp., D.C., 78 F.Supp. 284; Schetter v. Housing Authority of City of Erie, D.C., 132 F.Supp. 149 and Lomax v. United States, D.C., 155 F.Supp. 354 render further discussion unnecessary and the motion to dismiss as to this cause of action must be granted.

■ The second cause of action is somewhat difficult to understand. It appears to predicate liability on the part of St. Lawrence by reason of its failure to exercise its power to acquire plaintiff's property (33 U.S.C. § 984) and thereby avoid the action for damages. The statute provides that the authority of St. Lawrence to acquire property is limited to that which the administrator deems necessary for the conduct of its business, leaving it primarily to the discretion of the administrator as to what, if any, property rights should be acquired. No abuse of discretion is alleged. The next defect in this cause of action is that in no way is it alleged that the damages sustained by the plaintiff or the work performed in the project constituted a taking of plaintiff's property or any part thereof. It is recognized that a taking of lands may result from a variety of circumstances or acts whereby the owner is deprived of the use thereof such as discussed in United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 but the allegations of this cause of action do not bring same within such a legal theory. Finally, plaintiff in no way asserts that his property has been taken as that term is used in reported decisions and even if such a taking is assumed, then it is the plaintiff that has sustained damage thereby and not the defendants. We do not need to determine here the controversy between the defendants and St. Lawrence as to whether or not the second cause of action sounds in tort and must therefore be dismissed for the reasons given in the dismissal of the first cause of action. This is so because in any event this cause of action must likewise be dismissed since it does not state a claim upon which relief may be granted.

For the reasons above stated, the third-party complaint will be dismissed.

■ Defendants' cross motion, brought under the provisions of Rule 14 F.R.Civ.P., 28 U.S.C. to bring in the United States as a third-party defendant, is seriously opposed on this motion. The purpose of the rule and the requirement of its liberal interpretation to serve such purpose is so well known as not to require restatement here. The large number of reported decisions applying same to particular facts are not especially helpful since an analysis of the pleadings in each case must ultimately decide whether or not the party to be added "* * is or may be liable to him (the defendants) for all or part of the plaintiff's claim against him". We turn then to the plaintiff's complaint and the proposed third-party complaint in order to determine the nature of the plaintiff's claim and the facts which are disclosed as the basis for the defendants' claim of indemnity or right to recover over.

As already substantially stated, plaintiff alleges that defendant Tecon Corporation entered into a contract with St. Lawrence for the performance of certain work, labor and services in connection with the widening and deepening of the St. Lawrence River. Tecon in turn subcontracted a portion of this work to the defendant, Great Lakes Dredge and Dock Company. There is no al-

legation that the contract in its specifications or requirements was negligently prepared or that the damage resulting to the plaintiff was a necessary result of its proper performance. The complaint alleges that the defendants "did not exercise due and reasonable care in blasting and removing said material in the vicinity of the premises owned by the plaintiff, but that on the contrary, were careless and negligent in doing said blasting". It is further alleged that defendant Tecon was careless and negligent in not properly supervising and inspecting the said blasting. The exercise of due and reasonable care in the performance of a contract is expressed therein or is necessarily implied as a part of the contractors' obligations. Their failure to exercise same is the burden of plaintiff's complaint and recovery may only be had upon that basis.

The proposed third-party complaint, permission to serve which is requested, alleges in substance that the work required by the terms of the contract was carried out strictly in accordance with the provisions and specifications required by the St. Lawrence contract and that any damage which plaintiff sustained was the direct result of negligence of St. Lawrence in designing the plans and specifications of the contract. Plaintiff seeks no recovery on any such basis. It seems apparent that plaintiff may only recover upon the theory that the defendants went beyond and outside of the terms of their contract in that they failed to use reasonable care in the performance thereof. Certainly the contract did not warrant or justify the lack of due care in the performance of the work required. The basis of recovery existing in Moore v. Newport Quarries, 285 App.Div. 640, 140 N.Y.S.2d 202 does not exist here. Under plaintiff's pleadings, his complaint alleges no basis of recovery without fault. Any such failure is then beyond the terms of the contract and is solely the act of the contractors.

The decision here, similar to that in Sientki v. Haffner, D.C., 145 F.Supp.

435, then necessarily is that since the plaintiff cannot possibly prove a set of facts which would entitle him to recover upon the basis of a negligently prepared contract plans and specifications, then there can be no recovery over by the contractors against the United States based upon that theory.

Whether or not the present status of the action would justify a remand may be a matter for the litigants' consideration. Comstock v. Morgan, D.C., 165 F.Supp. 798.

The cross motion for permission to serve the third-party complaint is denied and it is

Ordered accordingly.