James R. FREELING, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, Defendant.

Civ. No. 9373.

United States District Court
W. D. Oklahoma,
Civil Division.

Nov. 20, 1962.

Delmer L. Stagner, Stagner, Alpern & Powers, Sam W. Moore, Oklahoma City, Okl., for plaintiff.

John H. Cantrell, Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Okl., John F. Lord, Gen. Counsel, Leslie H. Fisher, Asst. Gen. Counsel, Washington, D. C., for Fed. Deposit Insurance Corp.

RIZLEY, District Judge.

The plaintiff brings this action against the defendant corporation to recover damages for alleged slanderous statements made by Royal Coburn, General Counsel for Federal Deposit Insurance Corporation. The statements were made in open court during litigation before the District Court of Oklahoma County, Oklahoma.

The plaintiff asserts that jurisdiction of the matter exists by virtue of Title 12 U.S.C.A. § 1819, which provides the Federal Deposit Insurance Corporation with the authority to sue and be sued.

The defendant corporation has filed a motion to dismiss, challenging the jurisdiction of this Court under Section 1819. It is the position of the defendant that the passage of the Federal Tort Claims Act precludes bringing an action in tort for money damages directly against a "sue and be sued" federally created corporation.

The motion to dismiss presents two important questions. First, is the Federal Deposit Insurance Corporation a "federal agency" as defined by the Federal Tort Claims Act. Secondly, if the Federal Deposit Insurance Corporation is a federal agency, can a tort action for money damages be maintained directly against the corporation when recovery is excluded by Section 2680 of the Federal Tort Claims Act.

A federal agency is defined by Section 2671 of the Federal Tort Claims Act as follows:

" 'Federal agency' includes the executive departments and independent establishments of the United States, and corporations primarily acting as,

instrumentalities or agencies of the United States but does not include any contractor with the United States."

It seems beyond argument that the statute 12 U.S.C.A. § 1811 et seq. creating the Federal Deposit Insurance Corporation, plainly establishes the corporation as a federal agency. The statute provides in part: that the President will appoint two of the three members of the Board of Directors; certain investments of the corporation must first have the approval of the Secretary of the Treasury; and the corporation is required to report annually to Congress as to its financial condition.

In Pearl v. United States, C.C.A. 10, 230 F.2d 243, the Court considered the question of whether or not the Civil Air Patrol was a federal agency. The Court was of the opinion that the Civil Air Patrol was not a federal agency; however, when citing certain examples of federal agencies the Court stated:

"Nor is it a 'mixed-ownership government corporation' whose financial transactions are required to be audited annually by the General Accounting Office, a typical example of which is the Federal Deposit Insurance Corporation."

In making the above reference, the Court was satisfied that a corporation such as the Federal Deposit Insurance Corporation should be classified as a federal agency.

■ In light of the ever increasing governmental interest in the financial transactions of this country, the purpose in creating the corporation has remained timely. The Congressional purpose in passing the statute creating the corporation was to promote the soundness of banking and to aid the government in the discharge of its fiscal transactions. See Doherty v. United States, 8 Cir., 94 F.2d 495.

■ The control of Congress and the President over the corporation, and the purpose of the corporation, lead me to the conclusion that the Federal Deposit Insurance Corporation is a federal agency as defined and referred to in the Federal Tort Claims Act.

Having decided that the corporation is a federal agency, it is necessary to dispose of the question of whether a tort action for money damages can be maintained directly against the corporation when recovery for the specific tort is excluded by Section 2680 of the Federal Tort Claims Act.

Prior to the passage of the Federal Tort Claims Act it had been decided that a "sue and be sued" federally created agency could be sued for their torts. See Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784. Since federally created corporations were entering into commercial and business transactions with the public, it was the feeling of most courts that these agencies should be responsible for their acts to the same extent as a private corporation.

In 1946 the enactment of the Federal Tort Claims Act withdrew the right to proceed against federal agencies on tort claims cognizable under the Act. Sections 1346(b), 2671, 2679 and 2680 of the Act limited the actions which could be brought against federal agencies to those of a contractual nature. In Wickman v. Inland Waterways Corporation, D.C., 78 F.Supp. 284, the Inland Waterways Corporation, a federal agency, was being sued by a private individual for personal injury sustained due to the negligence of the defendant corporation. The plaintiff was asserting jurisdiction on the basis of the "sue and be sued" clause. The Court considered the intent of Congress in withdrawing the authority to proceed directly against a federally created corporation, stating:

"In passing this comprehensive legislation, Congress undoubtedly intended that, instead of suits being brought against the various agencies representing the Government under the permissive piecemeal legislation which had theretofore existed, all

suits for damages on account of torts committed by employees of the Government must be directed against the United States and not against the Federal agency whose employees may have committed the tort."

Although the Wickman case did not involve an action excluded under Section 2680 of the Federal Tort Claims Act, the Court clearly stated that all suits for damages on account of torts, the case before this Court being such a suit, must be directed against the United States and not the federal agency.

In B. C. Morton International Corporation v. Federal Deposit Insurance Corporation, 1 Cir., 305 F.2d 692 the plaintiff was seeking declaratory and injunctive relief due to certain representations made by the Federal Deposit Insurance Cor-, poration concerning the sale of certificates of deposit by the plaintiff. The Court pointed out that the action was for declaratory and injunctive relief, and therefore the protection of public officials from the fear of civil damage suits was not in issue. But the Court in 305 F.2d Footnote 2, on page 695 of the opinion did say:

"The exclusive remedy provision of the Federal Tort Claims Act (28 U.S.C. § 2679(a)) does not bar this action since it is not an action for money damages cognizable under 28 U.S.C. § 1346(b)."

I think it is valid to assume that the First Circuit Court, when making the statement in Footnote 2, realized that a tort action against the United States for the misrepresentations made by the corporation would not be maintainable due to the limitations of Section 2680. It appears that the Court considered the Federal Tort Claims Act to be the exclusive remedy available to the plaintiff in the event he brought an action for money damages.

The legislative history of the Federal Tort Claims Act provides the best insight to the Congressional intent and purpose of the various sections of the Act. On page 33 of Senate Report 1400, 79th Congress, Second Session, the purpose and extent to which Congress withdrew the authority to sue a federal agency was discussed, and I quote:

"This section will· place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies. In both cases, the suits would be against the United States, subject to the limitations and safeguards of the bill; and in both cases the exceptions of the bill would apply either by way of preventing recovery at all or by way of leaving recovery to some other act, as, for example the Suits in Admiralty Act. It is intended that neither corporate status nor 'sue and be sued' clauses shall, alone, be the basis for suits for money recovery sounding in tort."

There can be no doubt, from reading the report, but that Congress intended to place federal agencies with a "sue and be sued" clause in the same position as federal agencies without such authority, if the action was a tort action for money damages. If the particular tort action happened to be excluded by a section of the Act, such as Section 2680, the plaintiff would have to support jurisdiction on the basis of another act. In no instance would the "sue and be sued" clause nor the corporate status support jurisdiction.

I am of the opinion that the plaintiff cannot maintain this action directly against the Federal Deposit Insurance Corporation, even though recovery may be precluded under the Federal Tort Claims Act if the plaintiff attempted to proceed directly against the United States. The Federal Tort Claims Act is the exclusive remedy available to the plaintiff, and the "sue and be sued" clause will not support jurisdiction.

The motion to dismiss is hereby sustained.

Counsel for the defendant will prepare findings of fact and conclusions of law in keeping with this Memorandum and a

judgment in accordance therewith and submit the same to counsel for the plaintiff for approval as to form and to this Court for signature within ten (10) days of the date hereof.