**UNITED STATES of America,**
**Plaintiff,**

v.

**DELTA INDUSTRIES, INC., et al.,**
**Defendants.**

**Civ. A. No. C 65–84.**

United States District Court
N. D. Ohio, E. D.

March 31, 1966.

Merle M. McCurdy, U. S. Atty., Robert S. Turoff, James L. Oakar, Asst. U. S. Attys., Walter R. Wertheim, Asst. Regional Counsel, Small Business Administration, Cleveland, Ohio, for plaintiff.

Thomas Paris, Donald Wolfson, Cleveland, Ohio, for defendants Delta Industries, Inc., Sahley Corp., Cleveland Designers & Consultants, Inc., National Materials Corp., Draftsmen, Inc., David and Sylvia Turner and Lloyd and Harriet Sahley.

Wm. B. Saxbe, Atty. Gen., T. S. Moulton, Asst. Atty. Gen., Columbus, Ohio, E. L. Sepessy, Asst. Atty. Gen., Cleveland, Ohio, for defendant State.

John T. Corrigan, Pros. Atty., Doris Brucker, Asst. Pros. Atty., Cleveland, Ohio, for defendant Treasurer of Cuyahoga County.

## MEMORANDUM

GREEN, District Judge:

Plaintiff has moved for reconsideration of this Court's order of October 26, 1965 denying plaintiff's motion to dismiss defendants' counter-claim in this action. After carefully considering the issue presented herein the Court has concluded that the said motion should be granted, but not for the basic reason advanced by plaintiff.

In originally moving for dismissal of defendants' counter-claim plaintiff argued that 15 U.S.C. § 634(b) a "sue and be sued" clause as to the Administrator of Small Business Administration, was a waiver of sovereign immunity only as to amount and not as to subject matter, and thus other Federal statutes pertinent to suits against the United States apply. Plaintiff then argued that the counter-claim sounded in tort, and thus fell within the purview of 28 U.S.C. § 1346(b), (a part of what is commonly known as the Federal Tort Claims Act,) which provides for suits against the United States as a defendant for loss caused by the negligence of an employee of the Government acting within the scope of his employment.

Plaintiff then contended that the court lacked jurisdiction over the subject matter of the counter-claim, and that the counter-claim failed to state a claim upon which relief can be granted. The basis for that argument was that under 28 U.S.C. § 2680(a), there is denied a right of recovery under the Tort Claims Act, 28 U.S.C. § 1346, for any claim based on the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused, 28 U.S.C. § 2680(a); that under 28 U.S.C. § 2680(h) there is denied a right of recovery for any claim based on interference with contract rights; that under 28 U.S.C. § 1346(a) (2) the court's jurisdiction on claims arising from contract or not sounding in tort is limited to $10,000; that the allegations of the counter-claim came within this proscribed and/or restricted area, and hence could not be asserted herein.

In answer to this argument, defendants contended that when by act of Congress an agency of the United States is given authority to "sue and be sued" it is a general waiver of sovereign immunity and is not subject to the limitations of any special statutes, such as the Federal Tort Claims Act, and exemptions from liability thereunder which might be granted to the United States, citing Keifer and Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939).

No reply brief was filed on behalf of the plaintiff discussing the applica-

bility of the above authority to this action.

As this Court interpreted the decision in Keifer and Keifer v. Reconstruction Finance Corp., supra, the Supreme Court held that a specific waiver of sovereign immunity, without special limitation, imposes upon the Government a broad range of liability not limited by other statutes granting restricted rights of action against the United States generally. Based thereon, this Court denied plaintiff's motion to dismiss the counterclaim.

On this motion for reconsideration the Government advances a new theory in support of its motion for dismissal. It is contended that 15 U.S.C. § 634(b) is a waiver of immunity only as to the Administrator of the S.B.A. and does not authorize a counter-claim against the United States bringing suit as the real party in interest on a claim belonging to the S.B.A., United States v. Waylyn Corp., 130 F.Supp. 783 (D.C.P.R., 1955), aff'd Waylyn Corp. v. United States, 231 F.2d 544 (C.A. 1, 1956). This is quite different from the Government's original theory that the defendants' counter-claim could not be asserted herein because § 634(b) provided only a limited waiver of immunity. Plaintiff is now contending that § 634(b) is irrelevant to this action, being pertinent only to a suit against the Administrator of S.B.A., as the named party defendant.

Based on the Government's new premise that § 634(b) is irrelevant, plaintiff then contends that as the counter-claim presents a claim against the United States sounding in tort it must be based on 28 U.S.C. § 1346(b). It is then argued that the counter-claim is clearly based on alleged discretionary acts, and thus the United States is excused from liability under 28 U.S.C. § 2680(a).

The Court has determined that plaintiff is correct in contending that defendants' counter-claim is governed by the Federal Tort Claims Act, but not for the reason advanced by plaintiff. This Court believes that Title 28 U.S.C. § 2679(a), which was not cited by either counsel, is the controlling factor in this case.

Title 28 U.S.C. § 2679(a) provides:

The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, *and the remedies provided by this title in such cases shall be exclusive.* (Emphasis added).

As previously stated herein, 28 U.S.C. § 1346(b) provides for suits against *the United States as the party defendant* for loss caused by the negligent or wrongful act or omission of an employee of the Government acting within the scope of his employment.

The purpose and history of 28 U.S.C. § 2679(a) are set forth in Freeling v. Federal Deposit Insurance Corp., 221 F.Supp. 955 (D.C.W.D.Okla., 1962). Therein it is observed that prior to the enactment of the Federal Tort Claims Act suits in tort could be maintained against a federally created agency with "sue and be sued" authority but that:

In 1946 the enactment of the Federal Tort Claims Act withdrew the right to proceed against federal agencies on tort claims cognizable under the Act.

The legislative history of this provision of the Federal Tort Claims Act is also set forth in the *Freeling* opinion, and as quoted therein is as follows:

This section will place torts of "suable" agencies of the United States upon precisely the same footing as torts of "nonsuable" agencies. In both cases, the suits would be subject to the limitations and safeguards of the bill; and in both cases the exceptions of the bill would apply either by way of preventing recovery at all or by way of leaving recovery to some other act, as, for example the Suits in Admiralty Act. It is intended that neither corporate status nor "sue and be sued" clauses shall, alone, be the basis for suits for money recovery sounding in tort.

■ It is this Court's conclusion that the Federal Tort Claims Act is the exclusive remedy available to a claimant seeking recovery based on tortious conduct of an agency of the United States, Freeling v. Federal Deposit Insurance Corp., supra; Handley v. Tecon Corp., 172 F.Supp. 565, 568 (D.C.N.D.N.Y., 1959); Lomax v. United States, 155 F. Supp. 354, 356 (D.C.E.D.Pa., 1957); Schetter v. Housing Authority of City of Erie, 132 F.Supp. 149, 153 (D.C.W.D. Pa., 1955); Wickman v. Inland Waterways Corp., 78 F.Supp. 284, 286 (D.C. Minn., 1948).

The controlling question in this case therefore is whether the allegations of the counter-claim come within the "discretionary acts" exclusion from liability under the Tort Claims Act, 28 U.S.C. § 2680(a).

In the counter-claim defendants alleged that the S.B.A. took custodial possession of the equipment covered by the chattel mortgage on or about April, 1962, and since that time has failed and refused to dispose of the equipment, with the result that the equipment has been caused to depreciate in value in the sum of approximately $150,000; that when the note and mortgage sued upon were executed there was delivered to S.B.A. additional collateral in the form of a note in plaintiff's favor, due on or before September 6, 1964, and also various patents; that since April, 1962 S.B.A. has failed and refused to make any disposition of the patents held as collateral although repeatedly requested to do so, and has made no effort to realize on the promissory note since its maturity, although repeatedly requested to do so; that the conduct of S.B.A. was intended to, and did, result in the financial failure of these defendants, and that as a direct consequence of the actions, or inaction, of S.B.A. these defendants have been damaged in the sum of $850,000, for which judgment is sought.

■ Construed most strongly in defendants' favor, the Court finds that these allegations do come within the reach of the "discretionary acts" exclusion. There are no allegations that the S.B.A. was under any duty to dispose of the collateral during this intervening period. At the best, the allegations establish a claim that S.B.A. could have, but failed to, dispose of the collateral under the terms of the mortgage. This Court is of the opinion that such a claim is one based upon a "failure to exercise or perform a discretionary function," and no right of recovery therefor is permitted against the United States, 28 U.S.C. § 2680(a).

Plaintiff's motion for reconsideration of the Court's order of October 26, 1965 is granted; plaintiff's motion to dismiss defendants' counter-claim is granted.