## In re MOTIVATION RESOURCES, INC., Debtor.

**Richard A. MARSHACK, in his capacity as First Successor Chapter 7 Trustee for Motivation Resources, Inc., Plaintiff,**

**v.**

**Sally J. TAPAGER (aka Sally Tapager, Sally Jean Tapager and Sally Jene Tapager), Charles C. Tapager (aka Charles Tapager, Charles T. Tapager), Mission Viejo National Bank, and the Federal Deposit Insurance Corporation as Receiver for Mission Viejo National Bank, Defendant.**

**Bankruptcy No. SA 90–08948 JR.**
**Adv. No. SA 93–1026 JR.**

United States Bankruptcy Court,
C.D. California.

July 23, 1993.

avoidance powers. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 292 (9th Cir.1988).

shack, Chapter 7 trustee for Motivation Resources, Inc. ("Trustee"), appeared before this court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Counsel for the Defendant argued that when the FDIC acts as a receiver for a failed financial institution, it stands in the shoes of that institution; therefore, the FDIC as receiver possesses no immunity and is not a governmental unit as defined by § 106(a) of the Bankruptcy Code (the "Code"). I took this matter under submission to decide specifically whether the FDIC, when acting in its capacity as receiver, is a governmental unit subject to § 106(a).

## JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (1991) (the district courts shall have original and exclusive jurisdiction of all cases under title 11), 28 U.S.C. § 157(a) (1991) (authorizing the district courts to refer all title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H).

## STATEMENT OF FACTS

On December 14, 1990, Motivation Resources, Inc. filed its voluntary petition under Chapter 7. On February 28, 1992, Mission Viejo National Bank (the "Bank") was declared insolvent and ordered liquidated by the Office of the Comptroller of the Currency. The FDIC was appointed receiver for the Bank. In accordance with its obligations under 12 U.S.C. § 1821(d)(3)(B), on March 5, 1992, April 5, 1992, and May 5, 1992, the FDIC placed a Notice to All Persons Having Claims Against Mission Viejo National Bank (the "Notice") in the Los Angeles Times. The Notice advised all potential claimants that the last date for filing any claims against Defendant was June 5, 1992.

Carolyn Adams, F.D.I.C., Legal Div., Newport Beach, CA, for defendant.

Michael W. Szkaradek, Pagter Law Corp., Santa Ana, CA, for plaintiff.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

## INTRODUCTION

On May 25, 1993, Defendant, the Federal Deposit Insurance Corporation (the "FDIC") as receiver for Mission Viejo National Bank, and the Plaintiff, Richard Mar-

On February 4, 1993, Defendant received a proof of claim in the amount of $402,-642.00 plus interest from Motivation Resources, Inc. On January 14, 1993, Trustee filed a complaint seeking to recover alleged preferential payments and/or fraudulent transfers to the Bank during the period February 1990 through June 1990. Trustee filed his first amended complaint on January 27, 1993 and his second amended complaint on February 11, 1993.

On March 24, 1993, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint. Defendant asserted that Trustee's complaint should be dismissed because this court lacks subject matter jurisdiction. Defendant argued that when it acts in its receiver capacity, as opposed to its corporate capacity, it is not a governmental unit; therefore, § 106(a) does not apply to the FDIC in its role as receiver, and Trustee is obligated to comply with the mandatory claims determination process requirements of the Financial Institution Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. §§ 1811–1833e.

## DISCUSSION

In *In re Town & Country Home Nursing Services* 963 F.2d 1146, 1155 (9th Cir. 1991), the Ninth Circuit, agreeing with the Bankruptcy Appellate Panel ("BAP"), held that § 106(a)[1] gives the bankruptcy court an independent basis for jurisdiction over any governmental unit that has waived its sovereign immunity by filing either a formal or informal proof of claim. "[T]he BAP found section 106(a) to be an independent grant of jurisdiction to the bankruptcy court regardless of the applicability of other statutes. The BAP's conclusions are consistent with our prior decisions." *Id.*

The FDIC, hoping to circumvent the expansive jurisdictional implications of *Town & Country*, has maintained that when it is acting as a receiver it is not a governmental unit. Counsel for Defendant correctly noted that it is uniformly accepted that the FDIC operates in two separate and distinct legal capacities as corporate insurer of accounts and as receiver for failed financial institutions. *FDIC v. Bernstein*, 944 F.2d 101, 106 (2d Cir.1991); *FDIC v. Condit*, 861 F.2d 853, 856 (5th Cir.1988); *FDIC v. Hatmaker*, 756 F.2d 34, 36 (6th Cir.1985); *FDIC v. Braemoor Associations*, 686 F.2d 550, 552–53 (7th Cir.1982), *cert. denied*, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983); *Gunter v. Hutcheson*, 674 F.2d 862, 874 (11th Cir.1982); *FDIC v. Godshall*, 558 F.2d 220, 222 (4th Cir.1977); *FDIC v. Glickman*, 450 F.2d 416, 418 (9th Cir.1971); *Freeling v. Sebring*, 296 F.2d 244, 245 (10th Cir.1961). Defendant further asserted that Congress never intended to confer the status of a federal agency, nor the immunity of such an agency, on the FDIC when it is acting in its capacity as receiver. Defendant further proposed that while Congress did make express, limited provisions for agency status in a few instances,[2] as a whole, Congress did not intend for the FDIC as receiver to be a federal agency. I disagree with Defendant on this second assertion.

Code § 101 provides the definitions for the terms used throughout the Code. Section 101(27) states:

'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, **agency,** or **instrumentality of the United States** (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state, or other foreign or domestic government.

11 U.S.C. § 101(27) (emphasis added).

No court has held that for the purposes of § 106(a) the FDIC is or is not a govern-

---

**1.** Section 106 states:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

11 U.S.C. § 106(a).

**2.** For example, Defendant admits that Congress did provide that the FDIC in any capacity is a federal agency for the purposes of 28 U.S.C. § 1345.

mental unit when acting in its statutorily permissible capacity as receiver. This issue appears to be a matter of first impression.

 When the FDIC is functioning in its capacity as receiver, it acts as an instrument of the federal government, providing security for financial transactions in this country. *Doherty v. United States,* 94 F.2d 495, 497 (8th Cir.1938). The Congressional purpose for the FDIC was to foster stability and confidence in our nation's banking system. *Gunter,* 674 F.2d at 870; *First State Bank v. United States,* 599 F.2d 558, 562 (3d Cir.1979) *cert. denied,* 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980); *First State Bank of Hudson County v. United States,* 599 F.2d 558, 562 (3d Cir.1979); *Godshall,* 558 F.2d at 221.

 The FDIC, in either of its capacities, is at the very least an instrumentality of the federal government.

[T]he Federal Deposit Insurance Corporation is an instrumentality created by the government for the public welfare. The very title of the act shows the purpose of its enactment—'to provide for the sound, effective, an uninterrupted operation of the banking system ....' 49 Stat. 684 ... The relation in business matters between the state and national banks is so interwoven that to affect one is to disturb the other. The Federal Deposit Insurance Corporation is not a corporation organized for private profit. It is financed by the government and its instrumentalities ... It is the **instrument** created by Congress to insure the uninterrupted flow of commerce by reducing or removing the panicky apprehension on depositors, which brings about the withdrawal of their funds from public circulation.

*United States v. Doherty,* 18 F.Supp. 793, 794 (D.Neb.1937) (emphasis added).

A holding that Congress did not intend to create a federal agency in the FDIC in its capacity as receiver is not justified simply because the FDIC as receiver possesses some of the powers, duties and obligations of a private corporation.

The broad powers given to Congress by the Constitution to protect the currency must necessarily be extended to the power to protect the banking system and create fiscal agencies ... Congress has [the] power to create a corporation as an agency of the government to fulfill governmental purposes and to endow [that agency] with [the] powers of a private corporation....

*Id.*

The FDIC seeks the benefits of being a government agency under FIRREA, but seeks to avoid the jurisdictional net of being a governmental unit under § 106(a). These are contradictory positions. FIRREA was designed to protect the interest and goals of the government institutions that Congress had established. The FDIC cannot enjoy the benefits of FIRREA as a federal agency and instrumentality of the United States, while at the same time claim that it is not a governmental unit as defined by § 106(a). "There can be little doubt of the establishment of the FDIC as a federal agency." *Glickman,* 450 F.2d at 418; *See also Doherty v. United States,* 94 F.2d 495, 497 (8th Cir.1938) (affirming the district court's decision that the FDIC is a government instrumentality). Defendant's assertion that Congress intended the FDIC as receiver to be a federal agency in only special, limited circumstances is without support. If the FDIC's framework became law, uncertainty would prevail and litigation would flourish. The FDIC would control when and where it should be viewed as wearing the governmental cloak.[3] If Congress had intended for the FDIC to have this discretion and be exempt from § 106(a), Congress would have so stated.[4]

---

3. For example, under the FDIC's limited exception argument, the FDIC as receiver would be a government agency for the purposes of FIRREA and 28 U.S.C. § 1345, but not for the purposes of § 106(a).

4. For example, Congress specifically exempted the United States trustee in § 106(a).

## CONCLUSION

Given the Congressional intent behind the formation of the FDIC and the FDIC's admitted status as a governmental entity for the purposes of FIRREA, the FDIC in its capacity as receiver is a governmental unit subject to 11 U.S.C. § 106(a). In accordance with *Town & Country*, this court has jurisdiction over Defendant in this adversary proceeding. Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

ORDER DETERMINING THAT THIS COURT HAS JURISDICTION OVER FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is

ORDERED that the motion of Defendant, Federal Deposit Insurance Corporation, as Receiver for Mission Viejo National Bank, to dismiss this adversary proceeding is denied.